■ In the Matter of JUSTIN WINSTON, an Attorney, Respondent. BAR ASSOCIATION OF NASSAU COUNTY, NEW YORK, INC., Petitioner.— In a proceeding to discipline respondent, an attorney, for professional misconduct, the Justice designated by this court to hear and report on the issues has filed his report in which he finds that the charges have been sustained both by the proof and by the respondent's own admissions. The charges against respondent arise from his commingling of personal funds with escrow funds held by him for two clients. Motion by petitioner to confirm the Justice's report granted, and report confirmed. Respondent is suspended from the practice of law for one year, effective November 1, 1965. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.

■ In the Matter of LEON FISCHBEIN, Petitioner. BROOKLYN BAR ASSOCIATION, Respondent.— Motion by petitioner for reargument of his application for reinstatement to the Bar of the State of New York. Motion granted and, upon reargument, original decision adhered to. Motion by petitioner for permission to examine the report of the Committee on Character and Fitness filed with this court on his application, denied. Beldock, P. J., Ughetta, Christ, Rabin and Hopkins, JJ., concur.

■ In the Matter of ANTHONY A. ALFANO, an Attorney, Respondent. WESTCHESTER COUNTY BAR ASSOCIATION, Petitioner.— In a proceeding to discipline respondent, an attorney, based upon four charges of professional misconduct, the Justice to whom the issues had been referred for a hearing and report, has filed his report wherein he finds, in substance that: (a) respondent acted as both attorney and broker for the seller of certain real property, and received $1,100 as commission and $150 as attorney's fee despite arrangements previously made for an attorney's fee of $100; (b) respondent acted both as attorney for the seller and as attorney for the purchaser of the property, who was subsequently ascertained to be the respondent's wife; (c) respondent, disregarding his duties and obligations to his client (the seller of the property), failed and neglected to record a purchase-money mortgage given by his wife to the seller and thereafter caused the property, which was incumbered by said unrecorded mortgage, to be transferred to a corporation wholly owned and controlled by respondent, his wife and other relatives; and (d) respondent forwarded the first mortgage payment to the seller, but subsequent payments were not made in accordance with the mortgage terms until a civil settlement was effected by respondent with the seller, at which time she was paid the principal of the mortgage and the accrued interest thereon, and was also reimbursed for the brokerage fee and the attorney's fees previously paid by her. Petitioner moves to confirm the report. The motion is granted; the report and the findings made thereon are confirmed. It appears that respondent made full restitution to his client (the seller of the real property) on April 16, 1964. It is to be noted, however, that such restitution was not effected until after the client had retained another attorney and after the conclusion of the hearings before the Grievance Committee of the petitioner. In our opinion, under all of the circumstances disclosed by this record, the respondent should be and he is suspended from the practice of law for two years, commencing November 1, 1965. Beldock, P. J., Ughetta, Brennan, Hill and Rabin, JJ., concur.